**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1090
_____

UNITED STATES OF AMERICA

v.

KENNETH IRVING CARTER, a/k/a Kane,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 3:12-cr-00020-001)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2021
Before:  McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 21, 2021)

_____

_____

OPINION[*]

PER CURIAM

Pro se appellant Kenneth Irving Carter appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). Carter is serving a 180-month federal prison term, imposed in 2015, after he pleaded guilty to conspiracy to distribute one kilogram or more of heroin. We affirmed. United States v. Carter, 834 F.3d 259 (3d Cir. 2016).

In May 2020, Carter filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asserting that "extraordinary and compelling reasons" relating to prison conditions and the COVID-19 pandemic warranted relief. The District Court denied the motion, without prejudice, for failure to exhaust administrative remedies. In September 2020, Carter filed another § 3582(c)(1)(A)(i) motion. He alleged that he and other inmates in his prison unit had contracted an undiagnosed flu-like illness, that the prison's efforts to control the virus were inadequate, and that his health conditions—including severe obesity—rendered him at a higher risk of death if he were to contract COVID-19. Cater also noted that he has a college education and the support of his family. The Government conceded that Carter's severe obesity could serve as an extraordinary and compelling reason for release, but it nonetheless opposed Carter's motion.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Based on Carter's health conditions, the District Court determined that Carter made a showing of an extraordinary and compelling reason for compassionate release. However, after considering the record and the arguments presented for Carter's motion, the District Court found that reducing Carter's sentence under § 3582(c)(1)(A)(i) was not warranted after weighing the applicable sentencing factors of 18 U.S.C. § 3553(a). The District Court stated that Carter's offense was serious and caused a danger to the community, specifically noting Carter's role as the leader and organizer of the drug conspiracy involving a sizeable quantity of heroin and oxymorphone. Observing that Carter had served only about 100 months of his 180-month sentence, the District Court found that Carter's sentence was appropriate as imposed, and that early release would undermine the original goals at sentencing. Thus, the District Court denied Carter's motion for compassionate release. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291.[1] Carter has filed documents in support of his appeal. The Government has filed a motion for summary affirmance. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

---

[1] Carter's notice of appeal was filed beyond the time allowed under Federal Rule of Appellate Procedure 4(b)(1)(A). We remanded for consideration of whether Carter was entitled to an extension of time under Rule 4(b)(4). Noting that Rule 4(b)(4) allows for an extension up to 30 days, the District Court found that the notice of appeal was only four days late and that good cause existed for an extension, rendering the appeal timely.

A district court "may reduce [a federal inmate's] term of imprisonment and impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. at 329 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (internal quotations omitted). Before granting release, a district court must consider the factors in § 3553(a) to the extent they are applicable. Id. These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, along with the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; and (3) to protect the public. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

In reviewing the District Court's order for abuse of discretion, we will not disturb the District Court's decision without a "definite and firm conviction that [it] committed a clear error of judgment." Pawlowski, 967 F.3d at 330 (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)). We find no such clear error of judgment here. The District Court weighed the relevant factors in Carter's case and concluded that they weigh against granting compassionate release. The District Court also properly considered the time remaining in Carter's sentence, which is a reasonable consideration that is consistent with an analysis of the § 3553(a) factors. See Pawlowski, 967 F.3d at 331. To the extent that Carter argues that the District Court should have placed more weight on his positive factors and less weight on his negative factors, we cannot conclude that the District Court's determination constitutes an abuse of discretion.

4

For these reasons, we grant the Government's motion and will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.